Ali **EL ZOUL,** Petitioner,

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,**
Respondent.

No. 04–4349.

United States Court of Appeals,
Second Circuit.

March 3, 2006.

Joshua Bardavid (Theodore N. Cox), New York, NY, for Appellant, of counsel.

Melanie R. Hallums, Assistant United States Attorney (Michael J. Garcia, United States Attorney for the Southern District of New York, Sarah S. Normand, Assistant United States Attorney), New York, NY, for Appellee, of counsel.

PRESENT: Hon. AMALYA L. KEARSE, Hon. RALPH K. WINTER, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

El Zoul petitions for review of a per curiam affirmance by the BIA of an order of an Immigration Judge ("IJ") finding El Zoul removable under INA § 212(a)(9)(A)(ii)(II), and denying him the discretionary relief of a waiver of inadmissibility under INA § 212(a)(9)(A)(iii). El Zoul argues that the IJ violated his due process rights by preventing him from demonstrating that his wife would suffer an extreme hardship if he were deported to Jordan. Although we lack jurisdiction to review the merits of the IJ and BIA's decision not to grant the waiver of inadmissibility, we retain jurisdiction to evaluate El Zoul's constitutional claims, including his claimed violation of his due process rights. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 155 (2d Cir.2006). To succeed on a due process challenge, an alien must show both that he was denied a full and fair opportunity to present his claims and that he was prejudiced by this error. *See id.; United States v. Copeland*, 376 F.3d 61, 73 (2d Cir.2004).

In this case, the IJ expressed impatience and cut off portions of El Zoul's wife's testimony that the IJ believed were cumulative in light of the psychiatric report that the IJ had already read and considered. It might well have been preferable for the IJ to have listened more patiently to the testimony, even if it was arguably cumulative. *Cf. Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000). But we cannot say in this case that the IJ's impatience denied El Zoul a full and fair hearing or a reasonable opportunity to present evidence. *Cf. Kerciku v. INS*, 314 F.3d 913, 917 (7th Cir.2003). The IJ did not prevent El Zoul's wife from testifying or offering corroborative evidence. The IJ also allowed El Zoul to present expert psychiatric testimony about his wife's mental condition.

El Zoul also argues that the IJ improperly failed to consider international law, such as the International Covenant of Civil and Political Rights ("ICCPR"), in denying his request for discretionary waiver of inadmissibility. El Zoul's argument, and his reliance on *Beharry v. Reno*, 183 F.Supp.2d 584, 595 (E.D.N.Y.2002) (Weinstein, J.), are foreclosed by our decision in *Guaylupo–Moya v. Gonzales*, 423 F.3d 121, 136 (2d Cir.2005), which held that, even assuming that the INA and the ICCPR are in conflict, "clear congressional action supersedes prior treaty obligations to the extent they are inconsistent." *Id.* at 136.

For the foregoing reasons, the petition is DENIED. The pending motion for stay of deportation is DENIED.